**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1396

HAYWARD INDUSTRIES, INC.,

Plaintiff - Appellee,

v.

BLUEWORKS CORPORATION, a/k/a Blue Works, a/k/a Blueworks Pools; BLUE WORKS INNOVATION CORPORATION; NINGBO C.F. ELECTRONIC TECH CO., LTD.; NINGBO YISHANG IMPORT AND EXPORT CO., LTD.,

Defendants - Appellants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:20−cv−00710−MOC−SCR)

Submitted: January 14, 2026                     Decided: March 24, 2026

Before DIAZ, Chief Judge, and THACKER and BERNER, Circuit Judges.

Affirmed by unpublished opinion. Chief Judge Diaz wrote the opinion, in which Judge Thacker and Judge Berner joined.

**ON BRIEF:** Samuel Alexander Long, Jr., Christina Davidson Trimmer, SHUMAKER, LOOP & KENDRICK, LLP, Charlotte, North Carolina, for Appellants. Patrick G. Spaugh, Charlotte, North Carolina, Erik Paul Belt, Boston, Massachusetts, Samuel B. Hartzell, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina; James H. Donoian, New York, New York, Anne E. Shannon, Alexander L. Ried, Siobhan Tolan, MCCARTER

& ENGLISH, LLP, Boston, Massachusetts, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Chief Judge:

After a seven-day trial, a jury found four companies liable under state and federal law for falsely advertising their saltwater pool chlorination products.

The companies now ask us to order a new trial based on two supposed errors. First, they argue that the district court shouldn't have admitted previously undisclosed evidence at trial. And second, the companies insist the court was wrong to sua sponte direct a verdict that they were alter egos.

Because we disagree on both fronts, we affirm.

## I.

### A.

Hayward Industries, Inc., manufactures and distributes salt-cell systems for saltwater pools. The systems have two parts—a control panel and a salt cell—that together convert salt into chlorine. While control panels last the life of a pool, salt cells need regular maintenance and replacement.

BlueWorks Corporation, a North Carolina company, sells aftermarket replacement salt cells for Hayward's systems that it advertises as such. Ningbo C.F., a Chinese company, manufactures BlueWorks's salt cells. Yishang, also a Chinese company, ships them to the United States. BlueWorks Innovation, the fourth defendant company, quickly dissolved and never sold anything. Richard Chen is among the owners of BlueWorks Corporation, Ningbo C.F., and BlueWorks Innovation. His brother owns Yishang.

3

B.

Hayward sued the companies for trademark infringement and false advertising (among other things). The district court denied the Chinese companies' motion to dismiss for lack of personal jurisdiction, finding it could exercise "an alter ego theory of personal jurisdiction" over them. Joint Appendix (J.A.) 153.

Both sides sought summary judgment. The district court denied the motions and set a trial date.

The companies moved in limine to exclude evidence that BlueWorks Corporation advertised its products as "made in the USA." J.A. 432–33. The district court admitted the evidence but instructed the parties to be "nuanced" about it. J.A. 550–51.

After seven trial days, the district court sua sponte directed a verdict that the companies were alter egos. The court so instructed the jury. But at the companies' request, it had the jury find liability separately for the BlueWorks companies and the Chinese companies.

The jury returned a mixed verdict. Relevant here, it found the companies liable for false advertising under state and federal law. It awarded Hayward $ 4,900,000 in damages.

4

Amidst a flurry of post-trial motions, the companies appealed the judgment. Among others, the district court denied their new-trial motions based on the "made in the USA" evidence and the alter-ego directed verdict, respectively.[*]

## II.

We tackle the evidentiary issue first. We review the denial of a motion in limine for abuse of discretion. *Mountain Valley Pipeline, LLC v. W. Pocohontas Props. Ltd. P'ship*, 918 F.3d 353, 362 (4th Cir. 2019).

### A.

According to the companies, letting Hayward argue that the companies falsely advertised their products as "made in the USA" prejudiced them. That's because Hayward didn't plead those statements in the complaint or identify them in its responses to interrogatories. The companies insist that until trial, Hayward presented an entirely different false advertising theory. So they were unfairly surprised and left unable to muster an adequate defense.

---

[*] Hayward argues that the companies forfeited their appeal of the district court's order on their motion for a new trial by failing to revise their notice of appeal to include it. We needn't decide whether we can review the new trial orders because our analysis is the same with or without them. The pre-judgment orders at issue here are properly before us through the companies' notice of appeal. *See Allen v. Stein*, 165 F.4th 272, 284 (4th Cir. 2026).

True enough, Hayward's complaint and responses to interrogatories lack "made in the USA" allegations. And it's right that Hayward relied on other false advertising theories early in the case.

But there's more to the story. Hayward asked for documents to identify the manufacturers and suppliers of the companies' products very early in the case. The companies didn't provide English translations of the documents—which showed that the products were made in China—until the last day of discovery. The companies also waited until the last day of discovery to produce their 30(b)(6) representative for a deposition. He testified that the companies' salt cells were made in China. It's hardly fair to blame Hayward for raising these facts too late when the companies waited until the last possible moment to reveal them.

And when Hayward moved for summary judgment (a year before trial), it argued that the companies falsely advertised their salt cells as made in the USA. In writing and at a hearing, the companies rejoined that the statements were true—not that Hayward didn't raise them in time.

## B.

In addition to Federal Rules of Civil Procedure 15 and 37, the companies cite several rules of evidence in arguing that the district court should have excluded the "made in the USA" statements. But we find these arguments essentially derivative of their civil procedure arguments: they all sound in unfair surprise. So we focus our attention there.

Although the Federal Rules of Civil Procedure prefer—and, indeed, require— advance disclosure of litigation theories and facts, they aren't without exceptions. Rule 15

allows parties to amend their pleadings to conform to the evidence—even after trial—when presenting that evidence doesn't prejudice the other party. And when a party fails to revise its responses to interrogatories to conform to the evidence, a district court can excuse that failure if it was justified or harmless. Fed. R. Civ. P. 37(c)(1).

The question, then, is whether Hayward's failure to plead these statements prejudiced the companies. It did not. The supposedly prejudicial evidence was within the companies' control, and they had no trouble defending against it at summary judgment. Their cry of sandbagging rings hollow.

As the district court put it, there was "no ambush here." J.A. 550. The court didn't abuse its discretion by declining to exclude one of the primary theories of liability at summary judgment from the trial based on curable pleading defects.

### III.

We close with the directed verdict, which we review de novo. *Horne v. WTVR, LLC*, 893 F.3d 201, 210 (4th Cir. 2018). Like the district court, we ask whether, viewing the trial evidence in the light most favorable to the companies, any reasonable jury could have returned a verdict in their favor. *Id.* We agree that the answer is no.

The district court sua sponte directed the verdict on whether the four companies were alter egos, or lacking separate corporate identity. An alter ego finding allows a court to pierce the corporate veil and find one corporate entity liable for actions by another. *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 587 (4th Cir. 2015).

7

The district court concluded that "[e]ven viewing the evidence and inferences therefrom most favorable[ly] to [the companies,] . . . no reasonable jury could determine that [the companies] are not alter egos of one another." J.A. 672. The court relied primarily on trial testimony from the companies' shared 30(b)(6) representative.

Our task is to assess "whether the totality of the evidence established during the trial demonstrated that the [companies] were alter egos of each other." *Flame S.A.*, 807 F.3d at 587.

The evidence did. Chen was at least a partial owner of three of the four companies, and his brother owned the fourth. The companies worked together to manufacture, ship, and sell salt cells. They all designated the same 30(b)(6) representative, shared common legal representation, and advertised the same address and contact information. Ningbo C.F. even called BlueWorks Corporation its "US branch." J.A. 601. And a Ningbo C.F. employee referred to Ningbo C.F. as BlueWorks's factory in China.

The robust factual record before us—mostly from the companies' own evidence— shows that the four defendant companies were one and the same. Even viewing the evidence in the light most favorable to them, no reasonable jury could have concluded otherwise.

But even if the district court hadn't directed the verdict, the outcome would have been the same. At the companies' urging, the court instructed the jury to decide liability separately for each defendant. The court's instruction that the companies were alter egos was thus subsumed by the jury finding their liability as if they were not. And the companies don't challenge the court's finding that the companies were joint tortfeasors and thus could

be held jointly and severally liable.  So even without any alter ego finding, they'd share responsibility for the damages award.  We're satisfied that any hypothetical error would have been harmless.

*      *      *

We affirm the district court's judgment.  And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid our decision-making process.

*AFFIRMED*